**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

LEROY SANDERS                                                          PLAINTIFF

         v.                    Civil No. 04-5163

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                                      DEFENDANT

**O R D E R**

Now on this 2nd day of May, 2006, comes on for consideration plaintiff's **Motion For Attorney's Fees And Costs** (document #12), and from said motion, its several supplements, and the response thereto, the Court finds and orders as follows:

1.   On March 28, 2006, the Court entered an Order reversing defendant's decision to deny plaintiff benefits under an ERISA policy, and finding that plaintiff is entitled to recover reasonable attorney's fees and costs.  A timely motion therefor was filed.

2.   Plaintiff suggests that a fee award of $45,080.82 is appropriate, "based on the contract of employment," and submits an itemization of hourly charges which, at $150/hour, comes to $17,400.00.  He also seeks to recover his filing fee of $150.00, postage of $27.56, and copy costs of $37.50.

3.   Defendant objects to a fee award on the basis of the contract of employment, contending that contingent fee awards are inappropriate in ERISA cases. The Court believes that this objection has merit. As noted in **City of Burlington v. Dague**, **505**

**U.S. 557 (1992),** the Supreme Court has generally rejected the contingent-fee model in determining awards under fee-shifting statutes, in favor of the lodestar model wherein reasonable hours are multiplied by a reasonable rate to determine an appropriate fee.  The Court will not consider the contract of employment.

4.  Defendant also objects that half of the hours for which reimbursement is sought were devoted to the administrative review process, which is not reimbursable.  This objection also has merit, and will be sustained.  See **Parke v. First Reliance Standard Life Insurance Co.**, **368 F.3d 999 (8th Cir. 2004).**

A review of the itemized bill reflects that plaintiff's attorney "updated" his ERISA research and began drafting a complaint in January, 2004.  The award will be restricted to hours worked from that period of time forward, which totals 59 hours.

5.  Defendant also objects to plaintiff's attorney's use of "block billing," arguing that this practice makes it impossible for the Court to conduct a meaningful review of the itemized statement, citing **H.J. Inc. v. Flygt Corp.**, **925 F.2d 257 (8th Cir. 1991).**  The case at bar is unlike **Flygt**, however, in that the itemized billing relates to but one matter, and plaintiff fully prevailed on that matter.  There is no need to separate out work done on winning claims from work done on losing claims.  While plaintiff's attorney's itemization leaves much to be desired in terms of specificity, the Court does not find it so inadequate as

to make meaningful review impossible.  This objection will be overruled.

6.  As noted above, attorney's fees awarded under fee-shifting statutes are generally calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  **City of Burlington v. Dague**, **505 U.S. 557 (1992)**.  The resulting figure is the "lodestar," and there is a strong presumption that the lodestar represents a reasonable attorney's fee.

What constitutes a reasonable hourly rate is determined by the prevailing rate, i.e., the ordinary rate for similar work in the community where the case has been litigated. **Moysis v. DTG Datanet**, **278 F.3d 819 (8th Cir. 2002)**.  The party requesting the fee award bears the burden of substantiating the requested rate as well as the hours expended.  **Hensley v. Eckerhart**, **461 U.S. 424 (1983)**.

Plaintiff does not offer any evidence as to the prevailing rate in the community for services similar to what were performed in this case.  He simply shows a charge of $150/hour for his attorney's time.  While this will not suffice, "courts may draw on their own experience and knowledge of prevailing market rates" in determining a reasonable rate.  **Warnock v. Archer**, **397 F.3d 1024 (8th Cir. 2005)**.  This Court has had similar applications before it on other occasions and, based upon experience, is aware that

-3-

$150.00 per hour is not an excessive rate for the type of attorney services provided in this case.  The Court believes that is a reasonable hourly rate for the services of plaintiff's attorney in this case.

7.    Multiplying the number of hours of attorney time (59) by the hourly amount ($150.00) yields a fee of $8,850.00.

No objection is made to the costs requested, in the sum of $215.06, and those will be awarded in full.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Attorney's Fees And Costs** (document #12) is **granted**, and a fee award in the sum of $9,065.06 will be included in the Judgment in this matter.

**IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**